Jennifer MILES, Plaintiff,

v.

NEW YORK UNIVERSITY, Defendant.

No. 94 Civ. 8685 (WK).

United States District Court,
S.D. New York.

Oct. 7, 1997.

Daniel J. Kaiser, Kaiser, Saurborn & Mair, P.C., New York City, for Plaintiff.

Ada Meloy, S. Andrew Schaffer, New York City, for Defendant.

## OPINION AND ORDER

WHITMAN KNAPP, Senior District Judge.

This is an action brought under Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. § 1681, *et seq.* ("Title IX") against defendant New York University for sexual harassment alleged to have been suffered from a professor.[1] The university moves for summary judgment on two grounds: (1) The facts are such that the university can't be held liable for the conduct of its professor; and (2) plaintiff Jennifer Miles is not protected under Title IX because, although admitted to the school as a female and at all relevant times treated as such, plaintiff is in fact a male-to-female transsexual who, at the time of the professor's alleged conduct, was in the process of becoming a female.[2] For reasons which follow, we reject both of defendant's positions.

---

1. The complaint also alleges various violations of New York State law. Those allegations are not relevant to the present motion.

2. Plaintiff had undergone hormone treatments for breast augmentation but had not yet had sex-reassignment surgery at the time of the events alleged in the complaint.

## FACTS ASSERTED BY PLAINTIFF

For the purposes of this motion we accept as true all facts alleged in the complaint and asserted by plaintiff in affidavits opposing the motion. Plaintiff began a program of graduate studies in musicology at defendant New York University ("NYU") in September, 1990. Among the professors under whom plaintiff studied was one Cliff Eisen, with whom she was assigned a series of one-on-one tutorial sessions.[3] Plaintiff claims that in February, 1993, Professor Eisen began making wholly unwelcome sexual advances during these sessions. The advances included the fondling of breasts, buttocks, and crotch, forcible attempts to kiss, and repeated propositioning for a sexual relationship.

In March, 1993 plaintiff lodged a written complaint against Professor Eisen with NYU's Sexual Harassment Committee. In response to this complaint, NYU served a written reprimand upon Professor Eisen, though he was permitted to continue teaching at the graduate and undergraduate levels. The university later assured Eisen that the written reprimand would have no effect on a decision to award him tenure. This assurance is particularly bizarre in light of the existence of additional complaints that had been filed prior to plaintiff's complaint by four other female students regarding inappropriate sexual advances by Professor Eisen.

After reviewing these four prior complaints of improper conduct, NYU's Sexual Harassment Advisory Committee had requested that certain deans investigate a possible pattern of harassment in the music department. In response to this request, the deans took no action to effectuate an inquiry and did not even approach Professor Eisen to discuss the allegations.

It is further claimed that after plaintiff filed formal grievances with the harassment committee, plaintiff was treated in a hostile fashion by professors and administrators at NYU. As a result of this harsh treatment, plaintiff prematurely left the doctoral program. Plaintiff continues to suffer from mental distress, anguish, and pain due to defendant's alleged misfeasance.

## DISCUSSION

### A. *Defendant's claim that it is not responsible for Professor Eisen's Conduct*

■ As we observed at oral argument, any jury that accepted as true all facts claimed by plaintiff would surely find in her favor on this issue.

### B. *Cause of Action Under Title IX*

■ Title IX provides in relevant part that "No person in the United States shall, on the basis of sex ... be subjected to discrimination under any education program or activity receiving Federal financial assistance ..." 20 U.S.C. § 1681(a). The issue before us is whether Title IX protects a biological male who has been subjected to discriminatory conduct while perceived as female.

The simple facts are, as the university was forced to admit, that Professor Eisen was engaged in indefensible sexual conduct directed at plaintiff which caused her to suffer distress and ultimately forced her out of the doctoral program in her chosen field. There is no conceivable reason why such conduct should be rewarded with legal pardon just because, unbeknownst to Professor Eisen and everyone else at the university, plaintiff was not a biological female. So far as we can determine, no other defendant has ever sought to justify such conduct by this type of defense.

None of the cases cited by defendant even suggests that a Title IX defense of this nature can be sustained. Indeed all of them stand for the entirely different proposition that Title VII, and hence Title IX, does not prohibit expressing disapproval of conduct involved in the transformation from one gender to another. *See Holloway v. Arthur Andersen, Inc.* (9th Cir.1977) 566 F.2d 659; *Sommers v. Budget Marketing, Inc.* (8th Cir. 1982) 667 F.2d 748; *Ulane v. Eastern Airlines, Inc.* (7th Cir.1984) 742 F.2d 1081; *Dobre v. National Railroad Passenger Corpora-*

---

**3.** For purposes of simplicity we shall refer to     plaintiff as a female.

*tion* (E.D.Pa.1993) 850 F.Supp. 284.[4]   One of these opinions, *Holloway v. Arthur Andersen, Inc.*, went out of its way to ensure that its opinion would not be construed so as to support the position taken by defendants here.   *See* 566 F.2d at 644 ("transsexuals claiming discrimination because of their sex, male or female, would clearly state a cause of action under Title VII").

There can be no doubt that Professor Eisen's conduct with respect to Jennifer Miles, assuming it can be proven, related to sex and sex alone.   Title IX was enacted precisely to deter that type of behavior, even though the legislators may not have had in mind the specific fact pattern here involved.

### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is denied

SO ORDERED.

---

**4.**   The parties agree that it is now established that the Title IX term "on the basis of sex" is interpreted in the same manner as similar language in Title VII. *See, e.g., Murray v. New York University College of Dentistry* (2d Cir.1995) 57 F.3d 243, 249 ("in a Title IX suit for gender discrimination based on sexual harassment of a student, an educational institution may be held liable under standards similar to those applied in cases under Title VII").